LUIGIGI ARGENTINO, Plaintiff, *v.* F. JARKA Co., INC., and Another, Defendants.

Supreme Court, New York County, September 1, 1925.

**Workmen's compensation — ships and shipping — action for injuries suffered by plaintiff while working as stevedore on steamship in navigable waters — Workmen's Compensation Law, § 113, and rule of State Industrial Board adopted pursuant to provisions of § 117, cannot deprive plaintiff of right to sue in courts of this State.**

The plaintiff who, while working as a stevedore on a steamship in navigable waters, suffered injuries for which this action is brought, is not deprived of his right to maintain an action at law in the courts of this State to recover for damages suffered through the maritime tort, by force of section 113 of the Workmen's Compensation Law, providing for a waiver by an employee, engaged in maritime work, of his right to sue in the courts of this State or in admiralty, and by a rule of the State Industrial Board, adopted pursuant to the authority of section 117 of the Workmen's Compensation Law, which provides that an employee in maritime service shall be deemed to have waived his rights and remedies and shall be deemed subject to the Workmen's Compensation Law if, at the time he entered the employment, he did not notify his employer who had elected to become subject to the Workmen's Compensation Law, that he elected not to be subject to the provisions of that law.

Neither the Workmen's Compensation Law nor a rule adopted by the State Industrial Board under that law can interfere with the jurisdiction of the Federal courts over maritime torts or of the jurisdiction of the State courts to enforce maritime torts in accordance with maritime jurisprudence.

MOTION by plaintiff for an order striking out a defense in the named defendant's answer, on the ground that it is insufficient in law.

*Levy & Becker,* for the plaintiff.

*Almy, Van Gordon & Evans,* for the defendant F. Jarka Co., Inc.

DONOHUE, J. Plaintiff moves, under subdivision 6 of rule 109 of the Rules of Civil Practice, for an order striking out the fourth defense set up in the answer of the defendant Jarka, on the ground that it is insufficient in law. The plaintiff, a stevedore, sues the defendant Jarka and the American Shipping and Commerce Navigation Corporation for injuries sustained while working on a steamship lying afloat in navigable waters.

The answer of the defendant Jarka sets up as a fourth defense the following two sections of the Workmen's Compensation Law (Laws of 1922, chap. 615):

" § 113. Interstate commerce. The provisions of this chapter shall apply to employers and employees engaged in intrastate, and

also interstate or foreign commerce, for whom a rule of liability or method of compensation has been or may be established by the Congress of the United States, only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce, provided that awards according to the provisions of this chapter may be made by the board in respect of injuries subject to the admiralty or other federal laws in case the claimant, the employer and the insurance carrier waive their admiralty or interstate commerce rights and remedies, and the State insurance fund or other insurance carrier may assume liability for the payment of such awards under this chapter."

" § 117. Rules. The board may adopt reasonable rules consistent with and supplemental to the provisions of this chapter and the Labor Law. The commissioner may make reasonable regulations consistent with the provisions of this chapter and the Labor Law."

The Industrial Board, by virtue of the provisions of section 117 of said act, adopted a rule as follows:

" An employer, any of whose employees are engaged in a maritime employment or in maritime territory shall be deemed to have brought his employees within the exclusive coverage of the Workmen's Compensation Law when he shall have secured compensation to his employees engaged in such employments in accordance with section 50 of the Workmen's Compensation Law and shall have posted in a conspicuous place in or about the place of business and employment a notice in the form prescribed by the Industrial Commissioner for such purposes. Upon the securing of compensation and the posting of the notice provided for herein such employer and his insurance carrier shall be deemed to have assumed liability for the payment of awards of compensation made pursuant to the terms of the Workmen's Compensation Law and to have waived their rights to contest a claim or an award for compensation on the ground that the employment or the injury sustained in such employment was subject to the admiralty or maritime jurisdiction of the United States. An employee in the service of such an employer shall be deemed to have waived his rights and remedies, and the rights and remedies of his personal representatives in the event of his death, to, and in any cause of action for damages for any accidental personal injury arising out of his and in the course of his employment against his employer and his employer's insurance carrier on the ground that the employment or injury was subject to the admiralty or maritime jurisdiction of the United States; and such employee,

in the service of such employer, shall be deemed to have accepted, and shall be subject to, the provisions of the Workmen's Compensation Law and any act amendatory thereof, if at the time of the accident, for which liability is claimed, the employee shall not, at the time of entering into his contract of hire, have given to his employer notice in writing that he elects not to be subject to the provisions of said law and filed a copy thereof with the commissioner, or in the event that such contract of hire was made in advance of election of the employer, such employee shall not have given to his employer and filed with the commissioner, within twenty days after such election, notice in writing that he elects not to be subject to such provisions."

The defendant Jarka states that it has complied with the rule above set forth, and that the plaintiff did not, at the time of entering its employ, give notice in writing that he elected not to be subject to the provisions of the Workmen's Compensation Law, and that by reason of such failure the plaintiff waived his rights under the maritime law and is relegated to the provisions of the Workmen's Compensation Law as an exclusive remedy for his injuries.

The question to be decided is: Did the plaintiff by his silence and failure to give written notice elect to accept compensation under the New York Compensation Law? I think not. In *Matter of Jensen* v. *Southern Pacific Co.* (215 N. Y. 514) the court held that one injured while engaged in maritime work came within the provisions of the Workmen's Compensation Law, but upon appeal to the United States Supreme Court (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205), that court reversed the New York court and held that a maritime employee is not within the Workmen's Compensation Law, and it is now thoroughly recognized that the work of a stevedore is maritime in its nature and not subject to any State compensation law.

In *Southern Pacific Co.* v. *Jensen* (244 U. S. 205, 217) the court said: " The work of a stevedore in which the deceased was engaging is maritime in its nature; his employment was a maritime contract; the injuries which he received were likewise maritime; and the rights and liabilities of the parties in connection therewith were matters clearly within the admiralty jurisdiction. *Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52, 59, 60."

It hardly seems necessary to cite the numerous cases holding that a maritime tort is not within the scope of the Workmen's Compensation Law, as the question is thoroughly settled, and, while this question of waiver has never been adjudicated, some comfort may be found in the case of *Erie Railroad Co.* v. *Winfield* (244 U. S. 170, 173, 174), where the court said: " The third question

requires some notice of the New Jersey statute [Laws N. J. 1911, c. 95]. It consists of two parts. One conforms to the principle which regards negligence as the basis of liability and excludes liability in the absence of negligence. In its details, however, that part differs materially from the federal act [Federal Employers' Liability Act of April 22, 1908, chap. 149, 35 U. S. Stat. at Large, 65]. The other conforms to a different principle which rejects negligence as a basis of liability and requires compensation to be made by the employer wherever the injury or death of the employee is an incident of the service in which he is employed. This part is described as ' elective ' and is not to be applied unless the employer and the employee shall have agreed, expressly or impliedly, to be bound thereby and to surrender ' their rights to any other method, form or amount of compensation or determination thereof.' Respecting the mode of manifesting such an agreement or the contrary, it is provided that every contract of hiring ' shall be presumed to have been made ' with reference to this part of the statute and, unless the contract or a notice from one party to the other contain ' an express statement in writing ' to the contrary, it ' shall be presumed ' that the parties ' have agreed to be bound ' by this part of the statute. There was, no express agreement in this instance and there is no basis for regarding the carrier as in any way bound by this part of the statute, save as it provides that an agreement to be bound by it shall be presumed in the absence of a declaration to the contrary. But such a presumption cannot be indulged here, and this for the reason that by the federal act the entire subject, as respects carriers by railroad and their employees in interstate commerce, was taken without the reach of State laws. It is beyond the power of any State to interfere with the operation of that act, either by putting the carriers and their employees to an election between its provisions and those of a State statute or by imputing such an election to them ·by means of a statutory presumption. The third question therefore must be answered in the negative."

The court stating the rights and remedies of those employed in interstate commerce as being subject to acts of Congress, the State Legislature is without power to enact laws regulating the same subject-matter. In the instant case there was no express agreement, nor was there in the *Winfield* case; but in both cases the Legislature attempted to create by silence or implication a waiver by the conduct of the parties.

This cannot be done, as it is beyond the power of the statute to interfere with a subject of Federal law by placing employees engaged in interstate commerce under the State statute by a statutory presumption. If the State cannot legislate, surely the Industrial

Board, a creation of the statute, cannot promulgate rules referring to the same subject, and accomplish what the Legislature is forbidden to do.

Motion to strike out fourth defense granted, with ten dollars costs.